UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEN ZHEN YOU YU KU KE JI YOU XIAN GONG SI, <br><br>       Plaintiff, <br><br>  -against- <br><br>JIANGSU HUARI WEBBING LEATHER CO., LTD, <br><br>       Defendant. | 23-CV-4578 (JGLC) <br><br>**<u>ORDER</u>** |

JESSICA G. L. CLARKE, United States District Judge:

  Plaintiff Shen Zhen You Yu Ku Ke Ji You Xian Gong Si ("Shen Zhen" or "Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 4(f)(3), for an order permitting Plaintiff to serve Defendant Jiangsu Huari Webbing Leather Co., Ltd. ("Jiangsu" or "Defendant"), a corporation that is allegedly a resident of China, through alternate service by email. ECF No. 8 at 2. The Court DENIES Plaintiff's motion, with leave to renew as provided by this Order.

## LEGAL STANDARD

  Federal Rule of Civil Procedure 4(f) provides methods by which a litigant may serve an individual or entity outside of the United States. As relevant here, Rule 4(f)(3) provides that an individual in a foreign country may be served "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). The United States and China are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"), compliance with which "is mandatory in all cases to which it applies." *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1389 (S.D.N.Y. 2022), *appeal dismissed sub nom. Smart Study Co. v. HAPPY PARTY-001*, No. 22-1810-CV, 2023 WL 3220461 (2d Cir. May 3, 2023) ("*Smart Study*") (quoting *Volkswagenwerk*

*Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988)). Service by email "on litigants in China is prohibited by the Hague Convention." *Smart Study*, 620 F. Supp. 3d at 1397. However, "the Hague Convention does not apply where the address of the person to be served with the document is not known." *Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22-CV-558 (PAE), 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022) (internal quotation marks omitted) (quoting *Smart Study*, 620 F. Supp. 3d at 1390).

"Courts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Id.* (quoting *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018)). "Cases in which plaintiffs have been found to have exercised reasonable diligence to discover a physical address include where the plaintiff researched defendant's websites associated with defendant's domain names, completed multiple Internet-based searche[s], called known phone numbers, and conducted in-person visits, . . . where the plaintiff performed extensive investigation and issued subpoenas to the relevant domain registrars and email providers, . . . and where a plaintiff has attempted to obtain the defendant's address in a variety of ways." *Smart Study*, 620 F. Supp. 3d at 1391 (collecting cases) (cleaned up).

## DISCUSSION

Here, service must comport with the Hague Convention. Plaintiff has failed to demonstrate that it exercised the necessary diligence to discover Defendant's physical address such that Defendant would be exempt from the Hague Convention. In fact, Plaintiff appears to have taken no investigative steps to locate Defendant's physical address. *See* ECF. No. 8 at 2–3. Plaintiff alleges only that Plaintiff is "currently trying to find other email addresses for the

Defendant," *id*. at 3, and does not make reference to any physical address of Defendant. Such action hardly constitutes "reasonable diligence."

Accordingly, Plaintiff's motion is DENIED with leave to renew upon a showing that Plaintiff has exercised reasonable diligence in searching for Defendant's physical address. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 8.

Dated: September 12, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

3