UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHEN ZHEN YOU YU KU KE JI YOU XIAN GONG SI,

                Plaintiff,

-against-

JIANGSU HUARI WEBBING LEATHER CO., LTD.,

                Defendant.

23-CV-4578 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is Plaintiff Shen Zhen You Yu Ku Ke Ji You Xian Gong Si's motion for default judgment against Defendant Jiangsu Huari Webbing Leather Co., Ltd. For the reasons stated herein, Plaintiff's motion for default judgment is GRANTED.

## BACKGROUND

Plaintiff seeks a declaratory judgment of non-infringement of United States Patent No. US11478673 (the "'673 Patent"), which was issued to Defendant on October 25, 2022. ECF No. 1 ("Complaint" or "Compl.") ¶¶ 1, 12. Plaintiff is the manufacturer of Jugader brand product model numbers AD0502, AD0402, and A0401 (the "Jugader Products"), marketed and sold on Amazon.com under Amazon Standard Identification Numbers B08QMW9N94, B08PCJY11K, and B09BJJ1BWT. *Id.* ¶ 4. The Jugader Products are also protected under Chinese patent number CN216022910U. *Id.*

The '673 Patent covers a "walking flat belt having hanging exercise means." *Id.* ¶ 12. The '673 Patent has one independent claim and seven dependent claims. *Id.* ¶ 14. The independent claim states:

> A walking flat belt, comprising a mounting member, a sling body, a hanging obstacle, and a connecting member; wherein the mounting member is mounted to

> the sling body and comprises a rectangular shaped buckle and a flat strap to receive the rectangular shaped buckle; the rectangular shaped buckle, including a mouthpiece element, made of a pair of horizontal members and a pair of vertical members and a partition element, located in the mouthpiece element; wherein two ends of the partition element are connected with the vertical members of the mouthpiece element to form one integral piece; the partition element divides an area enclosed by the mouthpiece element to a first connection area and second connection area; wherein one end of the flat strap passes through the first connection area, then passes over the partition element and then passes through the second connection area, and is connected with another end of the flat strap.

*Id*.; ECF No. 1-1 at 21.

Plaintiff alleges that on May 11, 2023, Defendant reported Plaintiff to Amazon.com, alleging that Plaintiff's product infringes the '673 Patent. Compl. ¶¶ 2, 13. Plaintiff states that the Jugader Products do not meet each limitation of the '673 Patent. *Id*. ¶ 18. According to the Complaint, for example, the Jugader Products do not include a sling body. *Id*. ¶ 16. Nor are they designed such that "one end of the flat strap passes through the first connection area, then passes over the partition elements and then passes through the second connection area, and is connected with [another] end of the flat strap." *Id*.

On May 31, 2023, Plaintiff filed the Complaint in this action. *See* Compl. On August 30, 2023, the Court ordered Plaintiff to show good cause as to why Plaintiff failed to serve the summons and Complaint within the 90 days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 6. On September 1, 2023, Plaintiff stated that it reached out to counsel in a different matter for Defendant to ask them to accept service, which they declined. ECF No. 7. Plaintiff also investigated service through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). *Id*. On September 6, 2023, Plaintiff filed a motion to serve Defendant by email, *see* ECF No. 8, which the Court denied with leave to renew upon a showing that Plaintiff exercised reasonable diligence in searching for Defendant's physical address, *see* ECF No. 9.

On November 20, 2023, Plaintiff again filed a motion to serve Defendant by email. *See* ECF No. 10. The Court denied the motion and ordered Plaintiff to serve Defendant under the Hague Convention, because Plaintiff represented that it located two physical addresses for Defendant. ECF No. 12. On June 7, 2024, translated copies of the summons and Complaint were served on Defendant in accordance with the Hague Convention, and proof of such service was filed on June 27, 2024. *See* ECF No. 14.

Defendant has failed to appear, answer, or otherwise move with respect to the Complaint. On July 16, 2024, a Clerk's Certificate of Default was entered. ECF No. 20. On July 23, 2024, the Court ordered Plaintiff to file a motion for default judgment in accordance with the Court's Individual Rules and Local Rule 55. ECF No. 22. On July 29, 2024, Plaintiff filed a motion for default judgment. ECF No. 23. On August 5, 2024, the Court ordered Defendant to show cause as to why default judgment should not be entered against it. ECF No. 24. The motion for default judgment and order to show cause were served on Defendant by mail at two addresses and email at two addresses. ECF Nos. 25–28. Defendant failed to respond.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, there are two steps involved in entering judgment against a party who has failed to defend: entry of default, and the entry of default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id*. Rule 54(c) states

"[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

A defendant against whom default is entered is deemed to have admitted the well-pleaded factual allegations in the complaint establishing liability. *See* Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). Nonetheless, the district court "must determine whether those allegations establish a sound legal basis for liability." *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18-CV-4193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019).

## DISCUSSION

The Declaratory Judgment Act limits issuances of declaratory judgments to cases of "actual controversy." 28 U.S.C. § 2201(a). "A declaratory judgment plaintiff must demonstrate that the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 851 F. Supp. 2d 544, 550 (S.D.N.Y. 2012), *aff'd*, 718 F.3d 1350 (Fed. Cir. 2013) (internal citation and quotation marks omitted). "The Federal Circuit has further refined this test to require an injury in fact traceable to the patentee, which only exists if plaintiffs have alleged both (1) an affirmative act by the patentee related to the enforcement of his patent rights, and (2) meaningful preparation to conduct potentially infringing activity." *Id*. (internal citation and quotation marks omitted).[1]

Plaintiff has alleged facts to sufficiently establish an actual case or controversy. Plaintiff alleges that on May 11, 2023, Defendant reported Plaintiff to Amazon.com, claiming that

---

[1] "Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *MedImmune, Inc. v. Centocor, Inc.*, 409 F.3d 1376, 1378 (Fed. Cir. 2005), *overruled on other grounds by MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007).

4

Plaintiff's product infringes the '673 Patent. Compl. ¶¶ 2, 13. Defendant made "an implied assertion of its rights under the ['673 Patent] against [Plaintiff's] products, and [Plaintiff] disagreed." *See Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1364 (Fed. Cir. 2009); *see also Oralic Supplies Inc. v. Huang*, No. 22-CV-623 (MHL), 2024 WL 55477, at *4 (E.D. Va. Jan. 4, 2024) (holding that the defendant's report of the plaintiff's infringement of the patent to Amazon and the resulting notice from Amazon to plaintiff "can reasonably be inferred as demonstrating an intent by [defendant] to enforce a patent" and created an actual controversy). Accordingly, Plaintiff properly seeks a declaratory judgment.

The Court now turns to the elements of the claim. "Infringement is assessed by comparing the accused device to the claims; the accused device infringes if it incorporates every limitation of a claim, either literally or under the doctrine of equivalents." *MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1352 (Fed. Cir. 2005) (internal citation and quotation marks omitted). "In order for a court to find infringement, the plaintiff must show the presence of every element or its substantial equivalent in the accused device." *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1322 (Fed. Cir. 2001) (internal citation and quotation marks omitted). If "even one claim limitation is missing or not met, there is no literal infringement." *MicroStrategy Inc.*, 429 F.3d at 1352.

Plaintiff's allegations demonstrate that the Jugader Products do not literally infringe the '673 Patent. Plaintiff alleges that in contrast to the '673 Patent, the Jugader Products do "not include a sling body" nor do they include "one end of the flat strap [that] passes through the first connection area, then passes over the partition element and then passes through the second connection area, and is connected with [another] end of the flat strap." Compl. ¶ 16. Therefore, taking Plaintiff's factual allegations as true, the Jugader Products do not meet all limitations of

the '673 Patent. And because not all limitations of the '673 Patent are found in the Jugader Products, there is no literal infringement of the '673 Patent. *See Ultimate Home Protector Pans, Inc. v. Rev-A-Shelf Co., LLC*, No. 19-CV-165 (CHB), 2021 WL 2283770, at *2 (W.D. Ky. Apr. 5, 2021).

Plaintiff's allegations also establish that the Jugader Products do not infringe the '673 Patent under the doctrine of equivalents. "Under the doctrine of equivalents, 'a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention.'" *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1357 (Fed. Cir. 2005) (quoting *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997)). A "subtle difference in degree" will not vitiate any limitations of a claim; instead, "a clear, substantial difference or difference in kind" is required. *Id*. (internal citation omitted).

Here, Plaintiff sufficiently alleges that there is no "equivalence" between the features of the '673 Patent and the Jugader Products. As noted above, the '673 Patent includes a sling body, whereas the Jugader Products do not. Additionally, the '673 Patent includes "one end of the flat strap [that] passes through the first connection area, then passes over the partition element and then passes through the second connection area, and is connected with [another] end of the flat strap," whereas the Jugader Products lack this component. These factual allegations support a finding of non-infringement under the doctrine of equivalents, because the structural differences "constitute substantial differences that would render [Defendant's '673 Patent] meaningless if the Court were to find them equivalent." *See Bike Builders Bible v. Kewlmetal, Inc.*, No. 16-CV-1116 (JVS), 2017 WL 3485779, at *4 (C.D. Cal. Mar. 2, 2017).

6

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment of non-infringement of the '673 Patent. The Clerk of Court is directed to terminate ECF No. 23, enter judgment for Plaintiff, and close this case.

Dated: October 21, 2024
       New York, New York

                                              SO ORDERED.

*Jessica Clarke*

                                              JESSICA G. L. CLARKE
                                              United States District Judge